# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JIMMY ALLEN WOODS,

                  Petitioner,

v.                                         CIVIL ACTION NO.   2:14-cv-17206
                                         (Criminal No. 2:13-cr-00007)

UNITED STATES OF AMERICA,

                  Respondent.

### MEMORANDUM OPINION AND ORDER

Movant Jimmy Allen Woods, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 39].   By Standing Order entered May 7, 2014, and filed in this case on July 9, 2014, this case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").   On July 23, 2014, Magistrate Judge VanDervort issued a PF&R recommending that the Court grant Movant's motion (ECF 45).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, failure to file timely objections constitutes a waiver of de novo review and Movant's right to

appeal this Court's Order.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge VanDervort's PF&R are due on August 11, 2014.   In its July 22, 2014, response to Movant's motion to vacate, however, the United States conceded that Movant's counsel had rendered constitutionally ineffective assistance at the Movant's sentencing hearing.   In his PF&R, Magistrate Judge VanDervort agreed with the United States and concluded that Movant's counsel should have objected at Movant's sentencing hearing to the imposition of a base offense level 24 under U.S.S.G. § 2K2.1(a)(2) because that offense level is only applicable if a defendant's prior convictions received criminal history points under U.S.S.G. § 4A1.1(a), (b), or (c).   Magistrate Judge VanDervort reasoned that because Movant's prior criminal convictions did not receive points under U.S.S.G. § 4A1.1(a), (b), or (c), Movant's base offense level under the sentencing guidelines should have been Level 14 and not Level 24.   Taking into account Movant's criminal history category and other applicable factors under the guidelines, a base offense level of 14 lowers Movant's sentencing range from 57–71 months to 18–24 months. Consequently, Magistrate Judge VanDervort recommended that the Court grant Movant's motion to vacate his sentence.

Finding no error with Magistrate Judge VanDervort's analysis, the Court **ADOPTS** the PF&R, **GRANTS** Movant's unopposed motion to vacate his sentence, and **VACATES** the July 17, 2013, Judgment in *United States v. Jimmy Allen Woods*, Criminal Case Number 2:13-cr-00007 (S.D. W. Va. July 17, 2013) (ECF 35).   The Court **ORDERS** that a resentencing hearing for the limited purpose of correcting the base offense level and resentencing Movant under the corrected

sentencing guideline range be **SCHEDULED** for **September 4, 2014, at 10:00 a.m**.   The Court

**DISMISSES** this case, and **DIRECTS** the Clerk to remove this case from the Court's Docket.

       **IT IS SO ORDERED.**

       The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

                   ENTER:      July 30, 2014

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE